IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03315-M

JAMUEL EWING,

        Plaintiff,

v.

OFFICER TOBY, et al.,

        Defendants.

ORDER

On October 18, 2021, Jamuel Ewing ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 6].

On June 6, 2022, the court allowed the action to proceed in part. Order [D.E. 7]. Waivers of service were issued as to defendants and returned executed, [D.E. 8, 10, 11],

On September 30, 2022, defendants moved for an extension of time until November 18, 2022, to answers the complaint, Mot. [D.E. 12], and the court granted the motion, Order [D.E. 13].

On November 28, 2022, because defendants had not yet answered the complaint, the court directed defendants to answer or otherwise respond not later than December 16, 2022, and warned defendants that failure to respond by this deadline may result in an entry of default and default judgment. See Order [D.E. 14] (citing 42 U.S.C. § 1997e(g)).

On December 16, 2022, defendants moved for an extension of time until January 13, 2023, to answer the complaint. Mot. [D.E. 15] at ¶¶6–9 (noting, *inter alia*, defendants' counsel was alerted to the missed November 18, 2022, answer deadline by the court's November 28, 2022, order, and that counsel had oral surgery on December 12, 2022, and was out of work for additional days due to complications). Also on that date, the court granted the motion. Order [D.E. 16].

On January 5, 2023, the court docketed plaintiff's instant motion seeking entry of default. Mot. [D.E. 17] (generally arguing that defendants failed timely to answer the complaint).

On January 13, 2023, defendants answered the complaint. Answer [D.E. 18].

Discussion:

The court may "set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c); see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969) (noting factors to be considered when relieving a party of the burden of default include the "shortness of the delay," "absence of gross neglect," "lack of prejudice," and whether or not there is a "meritorious defense").

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," and has found that "Rule 55(c) motions must be liberally construed." Colleton Preparatory Academy v. Hoover Universal, 616 F.3d 413, 417, 421 (4th Cir. 2010).

Whether to "grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court." Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977).

> When the issue is one of whether to set aside an entry of default so that the "good cause" standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as a reason for the delay in filing a responsive pleading be excusable. The same is true when the question is whether to enter a default judgment. Courts have been more willing to grant relief to a defaulting party when that party has acted with reasonable promptness in meeting the motion for default, has provided underlying facts in support of a claim of a meritorious defense[,] where the default is not merely wilful [sic], and where there would be no resulting prejudice to the opposing party. In at least one instance the court set aside an entry of default under Rule 55(c) even though acknowledging the defendant had provided no satisfactory explanation for his failure to answer. The court cited the preference for a trial on the merits to sustain its action.

Id. at 742–43 (internal citations omitted).

Additionally, prior to entry of default, "[a] district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect.'" Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) (quoting Fed. R. Civ. P. 6(b)).

Courts consider the following factors to determine whether neglect is excusable: "[1] the danger of prejudice to [the nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In re MI Windows & Doors, Inc., Prod. Liab. Litig., 860 F.3d 218, 226 (4th Cir. 2017) (quoting Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993)) (internal quotation marks omitted); see also Harrison v. City of Greenville, No. 4:15-CV-17-BO, 2016 WL 4523901, at *3 (E.D.N.C. Aug. 22, 2016) ("Excusable neglect is a flexible concept which includes inadvertence, mistake, and carelessness . . . ." (internal citations omitted)).

Here, the action is still in its early stages, defendants' delay in answering was brief, and plaintiff has not demonstrated he was prejudiced by this delay. See Colleton Preparatory Acad., 616 F.3d at 418 (noting "delay in and of itself does not constitute prejudice to the opposing party."). The court finds defendants' failure timely to answer the complaint was the product of excusable neglect. See Pioneer, 507 U.S. at 395; Colleton Preparatory Acad., 616 F.3d at 417–21; Tolson, 411 F.2d at 130; see also Wall v. China, No. 2:12-CV-618-MBS-BHH, 2013 WL 212611, at *2 (D.S.C. Jan. 7, 2013) (unpublished), report and recommendation adopted sub nom. Wall v. Fraser, No. 2:12-618-RMG, 2013 WL 247630 (D.S.C. Jan. 23, 2013) (unpublished).

3

The court concludes that defendants have shown good cause why default should not be entered, grants defendants an enlargement of time, and deems defendants' answer timely filed. See Fed. R. Civ. P. 6(b); Lovelace, 472 F.3d at 203 see Broglie, 75 F.R.D. at 742.

Conclusion:

Accordingly, the court DENIES plaintiff's motion for entry of default [D.E. 17], and DIRECTS the clerk to continue management of the case.

SO ORDERED, this 20th day of January 2023.

RICHARD E. MYERS II
Chief United States District Judge