IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-03315-M

JAMUEL EWING,            )
                         )
         Plaintiff,      )
                         )
v.                       )     ORDER
                         )
OFFICER TOBY, et al.,    )
                         )
         Defendants.     )

This cause is before the court on plaintiff's pending motions. See [D.E. 45, 49, 50, 53]. As discussed below, the court denies these motions.

In his July 29, 2024, motion, plaintiff, *inter alia*, asks the court to consider options for setting a trial date or referring the action for "arbitration," and asks the court to "order or subpoena an affidavit [sic] to Officer Ms. Jenkins," an individual who purportedly witnessed the alleged excessive-force event at Maury C.I. See Mot. [D.E. 45].

The court, in its discretion, declines plaintiff's invitation to set this case for trial before resolution of prospective dispositive motions. See E.D.N.C. Local Civil Rule 40.1(d). To the extent plaintiff seeks referral for a court-hosted settlement conference, this request is premature. See E.D.N.C. Local Alternative Dispute Rule 101.2(b). To the extent plaintiff seeks a mediated settlement conference: this request did not occur within the discovery period; the case was not automatically selected for a mediated settlement conference because plaintiff proceeds *pro se*; and defendants did not stipulate to a mediated settlement conference. See E.D.N.C. Local Alternative Dispute Rule 101.1a. To the extent plaintiff seeks to subpoena a witness to testify at trial, the request also is premature. To the extent plaintiff seeks to depose a witness, he has not

"demonstrate[d] that he can meet the requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable[.]" Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (unpublished); see McClary v. Lightsey, No. 5:14-CT-3039-FL, 2016 WL 497929, at *4 (E.D.N.C. Feb. 8, 2016) (unpublished). Accordingly, the court DENIES WITHOUT PREJUDICE this motion [D.E. 45].

In his August 16, 2024, motion, plaintiff seeks summary judgment or default. See Mot. [D.E. 49]. Defendants oppose the motion. See [D.E. 51].

This motion neither satisfies the filing requirements for a motion for summary judgment under the court's Local Civil Rule 56.1, nor demonstrates entitlement to judgment as a matter of law, see Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). Further, although plaintiff argues he is entitled to default due to defendants' non-compliance with discovery requests and failure to answer, the court already found that defendants timely answered the complaint and plaintiff failed to raise discovery-related issues within the discovery period. See Order [D.E. 41]. As such, the court DENIES WITHOUT PREJUDICE this motion [D.E. 49].

Next, in his August 20, 2024, motion, plaintiff seeks to amend his complaint. See Mot. [D.E. 50] (seeking to add claims of felony kidnapping and felonious assault, and to add as defendants the State of North Carolina, the "City of Maury [sic]," and the "County of Hookerton [sic]"). Defendants oppose this motion. See [D.E. 52].

A court should freely grant plaintiff leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party,

2

or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986).

In evaluating futility, the court considers whether the proposed amended complaint would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) (noting Fourth Circuit precedent provides that "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." (citation omitted)); Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" (citation and internal quotation marks omitted)).

Here, plaintiff's instant motion does not attach a proposed amended complaint, as required by Local Civil Rule 15.1(a). North Carolina is not a defendant amenable to suit under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), and the bald, threadbare allegations fail to plausibly allege viable a municipal liability claim, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"); Connick v. Thompson, 563 U.S. 51, 61 (2011); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691, 694 (1978); Starbuck v. Williamsburg James City Cnty. Sch. Bd., 28 F.4th 529, 533 (4th Cir. 2022); Owens v. Baltimore City State's Att'ys Off., 767 F.3d 379, 402 (4th Cir. 2014). Moreover, plaintiff lacks a constitutional right to initiate criminal charges. See, e.g., Kunzer v.

3

Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) ("Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another." (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))).

Accordingly, because plaintiff's allegations would not survive a motion to dismiss, the court DENIES as futile this motion to amend [D.E. 50]. See In re Triangle, 988 F.3d at 750; Katyle, 637 F.3d at 471; Laber, 438 F.3d at 426; Johnson, 785 F.2d at 510.

The court now turns to plaintiff's September 24, 2024, motion, self-styled as a "motion for summary judgment[,] motion for arbitration, motion for court to rule on all the waylaying tactics of the defendants and that time is up the court rule in favor of the plaintiff [sic]." Mot. [D.E. 53].

For the reasons discussed above, plaintiff's instant motion neither satisfies the filing requirements for a motion for summary judgment under the court's Local Civil Rule 56.1, nor demonstrates his entitlement to judgment as a matter of law, see Fed. R. Civ. P. 56(a); Anderson, 477 U.S. at 247–48. As also discussed above, any request for a mediated settlement conference is untimely and any request for a court-hosted settlement conference is premature. Further, plaintiff's request that the court "deny defendants' request for extension of time" was mooted by the court's order granting defendants an extension of time to file dispositive motions. See Order [D.E. 55]. Accordingly, the court DENIES WITHOUT PREJUDICE this motion [D.E. 53].

SO ORDERED this 25th day of October, 2024.

RICHARD E. MYERS II
Chief United States District Judge